UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDI SEFEROS,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | Case No. 1:16-CV-00399-EJL<br>　　　　　　1:13-CR-00129-EJL<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

**MEMORANDUM DECISION AND ORDER**

　　This matter is before the Court on Petitioner Randi Seferos' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  On October 7, 2013, Petitioner plead guilty to one count of Possession of Methamphetamine with Intent to Distribute.  (1:13-cr-00129-7-EJL, Dkt. 259.)  On March 4, 2014, this Court sentenced Petitioner to a 110-month term of incarceration with the Bureau of Prisons followed by a 120-months of supervised release.[1]  (*Id*., Dkt. 530.)  Petitioner did not file a direct appeal.

---

[1] Pursuant to 18 U.S.C. § 3582(c)(2), Ms. Seferos' sentence was reduced to 93 months on November 19, 2015 due to Sentencing Guidelines Amendment 782, which retroactively reduced by two levels the base offense levels in the drug quantity table in U.S.S.G. § 2D1.1.  (1:13-cr-00129-EJL, Dkt. 714.)

ORDER - 1

On September 1, 2016, Ms. Seferos filed the instant § 2255 motion. (Dkt. 1.)[2] Her motion seeks relief under Amendment 794, which amended U.S.S.G. § 3B1.2. Amendment 794 changed the language of the commentary to § 3B1.2 to allow for the broader and more uniform application of the mitigating role sentencing factor. Ms. Seferos asks that she be given the benefit of a minor or minimal role, and that she be given that benefit retroactively and resentenced. (1:16-cv-00399-EJL, Dkt. 1.) The Court notes Ms. Seferos was already given the benefit of a two-level reduction for being a minor participant in the criminal activity, and thus construes her motion as a request for an additional two-level reduction for being only a minimal participant.[3] (1:13-cr-00129-EJL, Dkt. 444, p. 26, ¶ 122.)

Although Petitioner brings her claim under 28 U.S.C. § 2255, she has not provided any evidence that she is entitled to relief under that statute. She does not claim that her sentenced was rendered without jurisdiction, that her sentence is illegal, or that her

---

[2] Unless otherwise referenced, docket citations are to the § 2255 proceeding.

[3] Under § 3B1.2, the defendant's total offense level is reduced by four levels if the defendant "was a minimal participant in any criminal activity," and by two levels if the defendant "was a minor participant in any criminal activity." U.S.S.G. § 3B1.2. The Application Notes to § 3B1.2 explains the phrase "minimal participant" is "intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge of understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." § 3B1.2, App. Note. 4. A defendant is considered a "minor participant" who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.*, App. Note 5.

ORDER - 2

constitutional rights have been infringed.  However, even if Petitioner had claimed appropriate justification for relief under § 2255, her claim would fail.

First, Ms. Seferos' motion is untimely under § 2255.  Such motion must be brought within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Ms. Seferos' judgment became final over two years ago and passage of Amendment 794 does not restart the clock for the § 2255 statute of limitations. Accordingly, Ms. Seferos' motion is untimely.

Second, a court is generally required to use the guidelines manual in effect on the date a defendant is sentenced.  *Dorsey v. United States*, 132 S.Ct. 2321, 2332 (2012); *see also* U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced.")  Further, the United States Sentencing Commission did not make Amendment 794 retroactive to all cases.  *See* U.S.S.G. § 1B1.10(d) (2015) (listing retroactive guideline amendments).  Although, in *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (2016), the Ninth Circuit held Amendment 794 is a clarifying

ORDER - 3

amendment that applies retroactively on direct review, it did not extend this holding to cases like Petitioner's, where collateral—rather than direct—review is sought.

Finally, Ms. Seferos suggests she ought to be given retroactive benefit of a clarifying amendment issued after she was sentenced.  Such request must be brought as a motion under 18 U.S.C. § 3582, not a § 2255 motion.  *See Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995) (holding that a § 2255 claim can only be based on a claim of lack of jurisdiction, constitutional error, an error resulting in a "complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure.").  Even if the Court were to construe Petitioner's motion as a § 3582 motion,[4] her claim fails because Amendment 794 is not retroactive for purposes of a § 3582 motion.  *See Quintero-Levya*, 823 F.3d at 523 (holding that Amendment 794 was a "clarifying amendment"); *United States v. Stokes*, 300 Fed.Appx. 507, 508 (9th Cir. 2008) (a "clarifying amendment" does not apply retroactively in a motion for reduction of a sentence under § 3582.)

When denying a § 2255 motion, the Court is required to also determine whether Petitioner is entitled to a certificate of appealability.  Under 28 U.S.C. § 2253 a certificate of appealability "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court, however, has concluded that Petitioner's § 2255 motion is without merit.  Thus, for the reasons set

---

[4] Because Ms. Seferos brings this motion pro se, the Court construes her petition liberally.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

forth above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right.  The Court therefore declines to issue a certificate of appealability.

## ORDER

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 1) is **DENIED**.

2. The Court **DECLINES** to issue a certificate of appealability;

3. This file shall be deemed **CLOSED**.

DATED: October 27, 2016

Edward J. Lodge
United States District Judge